BROWN *v.* GRATIEN

CONTRACTS—TERMINATION—TIME.
> A contract providing that a lender would have an interest in the business of the borrower and further providing that the contract would be "null and void" after 5 years terminated the lender's interest in profits of the business when the loan was repaid in about 10 months, where it was quite clear that the parties did not intend that the lender's interest continue after the loan was repaid, and trial court's determination that the interest continued throughout the 5-year period was clearly erroneous (GCR 1963, 517.1).

Appeal from Genesee, Donald R. Freeman, J. Submitted Division 2 October 8, 1969, at Lansing. (Docket No. 6,456.) Decided October 30, 1969.

Complaint by Alvin Brown against Wayne N. Gratien for an accounting and a money judgment. Judgment for plaintiff. Defendant appeals. Affirmed in part, and reversed in part.

*M. Bushnell Trembley,* for plaintiff.

*Leech & Leech,* for defendant.

Before: QUINN, P. J., and BRONSON and T. M. BURNS, JJ.

REFERENCE FOR POINTS IN HEADNOTE
17 Am Jur 2d, Contracts §§ 482, 486.

T. M. Burns, J.   Plaintiff and defendant entered into an agreement dated January 2, 1964, under which plaintiff loaned defendant $16,000 to set up a gasoline station business.  The loan was secured by a chattel mortgage on the products and equipment of the business, and was to be repaid at the rate of 1/2 cent per gallon on every gallon of motor fuel sold at the premises.  The payments were to commence not later than July 1, 1964 and were to be completed not later than July 1, 1969, by which time the defendant was to have repaid the $16,000 plus 6 per cent interest per annum.  The contract further provided that plaintiff was to share the net profit, if any, derived from the sale of merchandise by the plaintiff, and that the entire agreement was to be null and void after January 1, 1969.*

The essence of the agreement was that plaintiff loaned defendant $16,000 to be repaid over a period of time not to exceed 5 years, and that plaintiff was to get in exchange not only interest on the loan but also a share of the profits while the loan was unpaid.

On November 7, 1964, plaintiff filed a complaint in circuit court seeking a foreclosure of the chattel mortgage, with a deficiency judgment if the execution sale did not bring $16,000 plus interest and costs. Although defendant made monthly payments under the agreement of $534.37 for July, $451.68 for August, $478.45 for September, and $404.75 for October and claims to have overpaid plaintiff by $1,250 under their agreement, defendant repaid the entire $16,000 on November 5, 1964.  The lawsuit was dis-

---

* As originally drafted it appears the agreement was to terminate on the date that the last payment on the loan was due, but that was changed by the parties at the time the agreement was signed. It is quite clear that even at the time of the original agreement, it was not intended that plaintiff have a continuing interest in the business after the loan was repaid.

missed by stipulation on November 9, 1964 without prejudice.

On July 26, 1966 plaintiff filed this action in circuit court in which he requested an accounting under the January 2, 1964, contract, and a money judgment for any and all sums due as a result. Defendant counterclaimed for an alleged overpayment to plaintiff.

The trial judge heard this case on stipulated facts, as we do, and found that since the prior suit was not for rescission, it did not terminate the agreement and that plaintiff was entitled to an accounting for the entire term of the contract. The defendant appeals contending that when plaintiff was repaid the $16,000, "he withdrew his entire support from the enterprise", thus depriving the defendant of the use of the money in the contemplated joint venture, and the contract was rescinded by return of the consideration and acceptance thereof by the plaintiff.

After a review of the record, we are unable to uphold in its entirety the decision of the trial court. Certainly, as the trial judge said, parties are entitled to get what they bargained for and a breaching party should not be allowed to take advantage of his breach. The bargain was that plaintiff would be repaid $16,000 with interest at 6 per cent within 5 years and a 50 per cent share of the net profits while the loan was unpaid.

When defendant repaid the $16,000, he satisfied his bargain if that sum plus the payments made equalled $16,000 plus interest thereon at 6 per cent from January 2, 1964 to November 5, 1964 plus 50 per cent of the net profits between July 1, 1964 and November 5, 1964. Although we find that the trial judge was correct in granting to plaintiff an accounting to the termination date of the agreement, we find his determination that the date of termination was

January 1, 1969 to be clearly erroneous, GCR 1963, 517.1. We find that the date of termination was November 5, 1964 when plaintiff was repaid his loan.

The judgment of the trial court ordering the accounting is affirmed and the period to be covered by such accounting is reversed. Remanded to the trial court for determination of the net profits of defendant's gas station business from July 1, 1964 to November 5, 1964. In the event that 50 per cent of such profits plus $16,000 with interest thereon at 6 per cent from January 2, 1964 to November 5, 1964 amounts to more than $17,869.25, plaintiff shall have judgment for the difference. In the event that $17,869.25 is greater than the amount to which plaintiff is entitled as specified above, the defendant shall have judgment for the difference. Neither party having prevailed, no costs are awarded.

All concurred.

